**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Ying Ying Dai and Carole Luk,

                        Plaintiffs,

             - against -

ABNS NY INC. d/b/a Carvel, SHK LI INC. d/b/a Carvel, and Ka Shek Tam,

                        Defendants.

Case No.: 1:18-cv-05170-AMD-RLM

Title

## PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' FROM OFFERING EXHIBITS B, C AND D AT TRIAL

Plaintiffs Ying Ying Dai and Carole Luk ("Plaintiffs") submit this motion *in limine* to preclude Defendants ABNS NY INC. d/b/a Carvel, SHK LI INC. d/b/a Carvel, and Ka Shek Tam (collectively, "Defendants") from offering Defendants' Exhibits B, C and D at trial.

### INTRODUCTION

The instant matter was commenced on September 13, 2018. (Dkt. No. 1.) As of today, Defendants have produced no documents relevant to Plaintiffs' claims or their own defenses. In fact, Defendants listed only the "Answer" as their one and only exhibit in the Exhibit List included in the Joint Pre-trial Order filed by their Counsel on September 23, 2019. (Dkt. No. 37.) On October 15, 2019, Defendants filed their second Exhibit List (Dkt. No.42.), which includes documents that were not produced during discovery, and still have not produced till this day. Those documents are listed as Defendants' Exhibits B, C and D.

### ARGUMENT

**I.      LEGAL STANDARD**

1

Rule 26 of the Federal Rules of Civil Procedure contains mandatory disclosure requirements, including the requirement of a party to disclose the information and witnesses that it "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). The Rule also contains a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete. *Fed. R. Civ. P. 26(e)*. Federal Rule of Civil Procedure 37(c) provides "strong inducement" for following the disclosure requirements of Rule 26(a) and (e). A party that fails to disclose information or fails to amend a previous response is not permitted to use such information as evidence unless there is substantial justification provided for the failure and such failure is harmless. Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1)'s preclusionary sanction is automatic, absent a determination of either substantial justification, or "harmlessness". *American Stock Exchange, LLC v. Mopex, Inc.,* 2002 U.S. Dist. LEXIS 23924, * 19-20 (S.D.N.Y. 2002).

Courts consider the following factors in determining whether the non-complying party provided substantial justification and whether the failure is harmless: (1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance. *DeSantis v. Deutsche Bank Trust Co. Americas, Inc.*, No. 05 Civ. 10868 (DC), 2009 WL 66351, at *4 (S.D.N.Y. Jan. 9, 2009) (citation omitted).

## II. DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING THEIR EXHIBITS B, C AND D.

The court may assume there is prejudice in Defendants' failure to disclose, unless the Defendant proves otherwise. *Castro v. City of New York*, 2009 U.S. Dist. LEXIS 69723 at *15 ("The burden to prove . . . harmlessness rests with the party who has failed to disclose information pursuant to Rule 26.") Failure to comply with the disclosure requirement may

2

lead to preclusion of any undisclosed witness or evidence. *See e.g.*, *Pal v. New York Univ.*, No. 06 Civ. 5892 (PAC) (FM), 2008 WL 2627614, at **4-6 (S.D.N.Y. Jun. 30, 2008); *Schiller v. City of New York*, Nos. 04 Civ. 7922 (RJS) (JCF), 04 Civ. 7921 (RJS) (JCF), 2008 WL 4525341, at *5 (S.D.N.Y. Oct. 9, 2008); *Alfano v. Nat'l Geo. Channel*, No. CV 06-3511 (NG) (JO), 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007); *Fleming v. Verizon New York Inc.*, No. 03 Civ. 5639(WHP), 2006 WL 2709766, at **7-9 (S.D.N.Y. Sept. 22, 2006).

Here, there is no reasonable explanation for the Defendants' complete failure to produce any relevant documents, including the screen shot of the text messages (Exhibit D.) and the corporate tax returns (Exhibits B, C.), during the course of litigation, except to surprise the Plaintiffs so close to the trial. "Justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure." *Henrietta D. v. Giuliani,* 2001 U.S. Dist. LEXIS 21848 at *13.

As to the second factor – "the importance of the evidence to be precluded" – the trial is just three (3) days away, the newly included documents would be a serious distraction to plaintiffs' trial preparations. Most importantly, Defendants still have not produce any of those documents, which include 5 years of tax returns and unspecified number of screenshots, to the plaintiffs. Plaintiffs therefore have no way of knowing the content of those Exhibits. Lastly, Defendants intend to introduce the tax returns (Exhibits B, C.) presumably to challenge the FLSA enterprise challenge. However, in the filed JPTO (Dkt. No.37.), they did not include lack of subject matter jurisdiction as one of the defenses to be tried.

Plaintiffs will be prejudiced if the admission of those Exhibits, and the testimonies about those were allowed. Plaintiffs have yet to receive the tax returns, and screenshots of text

3

messages. Even if plaintiffs were to receive them today, we will not have sufficient time to review and investigate the authenticity and accuracy of those documents. Lastly, Plaintiffs did not have the opportunity to depose Mr. Tam regarding the tax returns and text messages. Finally, the court may assume there is prejudice in Defendants' failure to disclose, unless the Defendant proves otherwise. *Castro v. City of New York*, 2009 U.S. Dist. LEXIS 69723, *15 ("The burden to prove . . . harmlessness rests with the party who has failed to disclose information pursuant to Rule 26.")

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order excluding Defendants from offering at trial their Exhibits B, C and D.

Date: October 17, 2019

**HANG & ASSOCIATES, PLLC**

By: /s/ Keli Liu
Keli Liu, Esq.
136-20 38th Ave., Ste 10G
Flushing, New York 11354
Telephone: (718) 353-8588
Email: kliu@*hanglaw.com*
*Attorneys for Plaintiff(s)*