# Hines & Associates

450 7th Ave. Suite 305
New York, NY 10123
r.hineslaw@gmail.com
212-268-8668

November 1, 2019

The Honorable Ann Donnelly
U.S. District Court: EDNY
225 Cadman Plaza East: N 415
Brooklyn, New York 11201

> Re:  Luk *et al* v. ABNS Inc. *et al*
> Case No.: 1:18-cv-05170
> Motion for Summary Judgment

Dear Judge Donnelly:

This firm represents the defendants in the above-referenced matter. We submit this letter

motion for Summary Judgment since the two defendant corporations did not earn the minimum

$500,000.00 to be covered by the FLSA. 29 U.S.C. 203 (s)(1)(A)(ii).

29 U.S.C. 203 (s)(1)(A)(i) and (ii) provides that:

> (i)"Enterprise engaged in commerce or in the production of goods for commerce
> means an enterprise that has employees engaged in commerce or in the production
> of goods for commerce, or that has employees handling, selling, or otherwise
> working on goods or materials that have been moved in or produced for
> commerce by any person: **and** [emphasis added] (ii) is an enterprise whose annual
> gross volume of sales made or business done is not less than $500,000.00

As proof of the corporate income, defendants have submitted tax returns for six years;

2012-2017 (for purposes of the FLSA, only 2016 and 2017 are relevant). Clearly, even if the

income from both corporations is combined, the $500,000.00 threshold is not met; therefore, the

defendants are not an enterprise covered by the FLSA.

Plaintiffs are not entitled to individual coverage under the FLSA. There are no factual

allegations in the complaint that establish that the plaintiffs are entitled to individual coverage of

the FSLA.

# Hines & Associates

450 7th Ave. Suite 305
New York, NY 10123
r.hineslaw@gmail.com
212-268-8668

Even if plaintiffs alleged that they handled products that were shipped through interstate commerce, which they did not, there is not a sufficient nexus to interstate commerce to say that they were individually engaged in such commerce. Individual coverage under the FLSA applies to any individual employee "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(r)(1); Kaur v. Royal Arcadia Palace, Inc., 643 F. Supp. 2d 276, 292 (E.D.N.Y. 2007). Individual employees are engaged in commerce "when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence)" between states. 29 C.F.R. § 779.103. "The dispositive test for FLSA [individual] coverage asks whether a plaintiff was an employee 'in the channels of interstate commerce, as distinguished from one who merely affected that commerce.'" Xelo v. Mayros, No. 03-CV-3665 (NG) (MDG), 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) (quoting McLeod v. Threlkeld, 319 U.S. 491, 494 (1943)). For example, "handlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not." McLeod, 319 U.S. at 494. Plaintiffs are employees who handled goods after acquisition by a merchant for general local disposition; therefore, not engaged in interstate commerce. In this matter, the plaintiffs worked the counter at carvel stores located in Suffolk County. They handled goods after acquisition by the defendants and sold them locally. They were not engaged in interstate commerce sufficient to provide individual coverage of the FLSA. In any event, as stated above, plaintiffs did not allege individual coverage under the FSLA in their Complaint.

# Hines & Associates

450 7th Ave. Suite 305
New York, NY 10123
r.hineslaw@gmail.com
212-268-8668

Defendants fail to qualify as an enterprise covered by the FLSA and plaintiffs did not allege individual coverage under the FSLA; therefore, the federal causes of action should be dismissed. We ask that the Court use its discretion and decline to exercise supplemental jurisdiction over the State claims.

Respectfully submitted,

Hines & Associates

By:

Clifford Mulqueen
450 Seventh Avenue: Suite 305
New York, New York 10123
(212) 268-8668
clifford.mulqueen@gmail.com