UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
**Ying Ying Dai and Carole Luk,**

                Plaintiffs,

                              **MEMORANDUM DECISION AND**
     – against –                        **ORDER**

                                      18-cv-05170 (AMD) (RML)

**ABNS NY INC. d/b/a Carvel, SHK LI INC. d/b/a Carvel, and Ka Shek Tam,**

                Defendants.

------------------------------------------------------------ X

**ANN M. DONNELLY,** United States District Judge:

On September 13, 2018, the plaintiffs filed this action alleging that their employers did not pay them minimum and overtime wages, and did not provide them spread-of-hours pay, written notices about their pay, or paystubs, all in violation of the Fair Labor Standards Act and New York Labor Law. (ECF No. 1.) Over the next year, the plaintiffs did not conduct discovery,[1] the defendants did not file dispositive motions, and the parties repeatedly ignored the Honorable Roanne L. Mann's orders. Discovery closed on May 30, 2019, after which the parties filed a joint pre-trial order with no deposition excerpts and no exhibits, save for the plaintiffs' complaint and the defendants' answer. (ECF No. 37.) I set a trial date of October 21, 2019. Shortly before the trial was to begin, the defendants submitted an exhibit list that included tax records and text messages (ECF No. 42), neither of which had been produced in discovery. At the pre-trial conference on October 18, 2019, just three days before the trial, the defendants questioned for the first time whether the Court had jurisdiction over the case, asserting that the

---

[1] Plaintiffs' counsel conceded that he had no "good explanation" for not conducting discovery. (10.9.19 Pre-Trial Conf. Tr. at 2.)

1

defendants did not meet the earnings requirement to be covered by the FLSA. (10.18.19 Pre-Trial Conf. Tr. at 3.) I ordered the parties to brief the issue. For the reasons that follow, the motion is dismissed.

## LEGAL STANDARD

Summary judgment is appropriate only if the parties' submissions, including deposition transcripts, affidavits, or other documentation, show that there is "no genuine dispute as to any material fact," and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The movant has the burden of showing the absence of any genuine dispute as to a material fact. *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997) (citation omitted). A fact is "material" when it "might affect the outcome of the suit under the governing law," and an issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Barlow v. Male Geneva Police Officer Who Arrested Me on Jan. 2005*, 434 F. App'x 22, 25 (2d Cir. 2011) (internal citations omitted). Once the moving party has met its burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial. *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

## DISCUSSION

Under the FLSA, an employer must pay minimum and overtime wages if the employee either "1) is engaged in commerce or in the production of goods for commerce, or 2) is employed in an *enterprise* engaged in commerce or in the production of goods for commerce." *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96-97 (2d Cir. 2009) (quoting 29 U.S.C. § 207(a)(1)). In this case, the plaintiffs claim that they are employees of a qualifying "enterprise" under the

2

FLSA.

The statute defines an "[e]nterprise engaged in commerce or in the production of goods for commerce" as an enterprise that: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A).

Citing federal tax returns filed over six years, the defendants say that their annual volume of sales falls short of the $500,000 requirement. However, "the question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability." *Benitez v. F & V Car Wash, Inc.*, No. 11-CV-01857, 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012). Accordingly, in order to survive summary judgment, the plaintiffs "need not prove that the [defendants] had gross income of more than $500,000; that would be their burden at trial. [The] [p]laintiffs need only show that there is a material dispute of fact regarding the issue." *Monterossa v. Martinez Restaurant Corp.*, No. 11-CV-3689, 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012).

As noted above, and for reasons that escape me, the parties did not exchange discovery. Nevertheless, the plaintiffs proffered an affidavit in which Ms. Luk avers that she handled the cash register at both Carvel stores, and that the annual sales for the defendants' enterprise was approximately $627,000. (ECF No. 52-5 ¶¶ 3-5.) That evidence, in itself, is enough to defeat the defendants' motion for summary judgment.

In any event, the tax returns are unsigned, and the defendants did not file an affidavit

3

verifying their authenticity. *See Rocha v. Bahkter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 348 (E.D.N.Y. Sept. 15, 2014) ("The absence of a signature on the tax returns, combined with the absence of an affidavit from the tax preparer or from the owner of the business verifying the authenticity of the returns caution against presuming their authenticity.") (citation omitted). Moreover, as the plaintiffs noted, the tax returns are inconsistent with the defendants' wage and hours chart—the only other piece of evidence in the record. Given the inconsistencies and issues of authenticity, a reasonable fact-finder could find that the tax records are unreliable, and credit the plaintiffs' testimony that the enterprise's annual sales exceeded $500,000. Accordingly, the motion for summary judgment is denied, and the case will proceed to trial on February 20, 2020.

## CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment is denied.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: January 15, 2020
      Brooklyn, New York