**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**CAROLE LUK and YING YING DAI,**

                              **Plaintiffs,**              **REPORT AND**
                                                     **RECOMMENDATION**
       -against-
                                                     **18-CV-5170 (AMD)**
**ABNS NY INC., SHK LI INC.,**
**and KA SHEK TAM,**

                              **Defendants.**
-------------------------------------------------------------------x
**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        In this wage-and-hour action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 650 *et seq.* ("NYLL"), plaintiffs Carole Luk and Ying Ying Dai ("plaintiffs") sued their former employers, defendants ABNS NY INC. (doing business as Carvel), SHK LI INC. (doing business as Carvel), and Ka Shek Tam (collectively, "defendants"), to recover for deficiencies in wages they were paid and related damages. See generally Complaint (Sept. 13, 2018) ("Compl.") Electronic Case Filing ("ECF") Docket Entry ("DE") #1. Currently pending before this Court, on a referral from the Honorable Ann M. Donnelly, is plaintiffs' post-trial motion for attorneys' fees. See Motion for Attorneys' Fees (Oct. 21, 2020) ("Fee Mot."), DE #71; Order Referring Motion (Oct. 23, 2020) ("Referral Order").

        For the reasons that follow, this Court respectfully recommends that plaintiffs' motion be granted in part, and that the District Court award plaintiffs $34,290 in attorneys' fees and $3,372.44 in costs.

## BACKGROUND

Plaintiffs commenced this action on September 13, 2018. See Compl. On February 7, 2019, following an unsuccessful settlement conference, the case was referred for court-annexed arbitration, see Minute Entry (Feb. 6, 2019), DE #23, and the hearing was held on August 15, 2019, see Order (July 16, 2019). The following day, an Arbitration Award was entered, see Arbitration Award (Aug. 16, 2019), DE #33, prompting plaintiffs to timely request a trial *de novo*, see Request for Trial De Novo (Aug. 21, 2019), DE #34.

Judge Donnelly presided over a two-day bench trial that commenced on February 20, 2020 and concluded the next day. See Memorandum Decision and Order (Sept. 29, 2020) ("Decision"), DE #69. Following post-trial submissions, Judge Donnelly determined that defendants failed to meet the minimum sales threshold to subject them to FLSA liability, see id. at 10, but she returned a verdict for plaintiffs on their state law wage-and-hour claims, ruling that defendants had violated the NYLL minimum wage, overtime, spread-of-hours, and wage statement and notice provisions. See generally id. In accordance with Judge Donnelly's findings, see id. at 25, a judgment was entered against defendants, jointly and severally, in the amount of $74,080.90, which, with $14,804.60 in prejudgment interest, totaled $88,885.50, see Clerk's Judgment (Sept. 30, 2020), DE #70.

Thereafter, plaintiffs' counsel moved for attorneys' fees for work performed by individuals at Hang & Associates, PLLC ("Hang"), as well as costs incurred. See Fee Mot.; Memorandum in Support (Oct. 21, 2020) ("Pl. Mem."), DE #72; Attorney Declaration (Oct. 21, 2020) ("Zhu Decl."), DE #73; Attorneys' Fees Bill (Oct. 21, 2020) ("Bill"), DE # 73-1; Costs Invoice (Oct. 21, 2020) ("Invoice"), DE #73-2. Citing Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure (the"FRCP"), defendants opposed the motion as untimely, in that it was filed

more than 14 days after the entry of Judge Donnelly's decision.[1]  They also argued that the billing was unreasonable, as counsel's time entries were duplicative and vague, and some related to work spent on the arbitration at which plaintiffs did not prevail.  See Letter by ABNS NY ("Def. Opp.") (Nov. 6, 2020), DE #75.  Thereafter, in responding to defense counsel's motion to withdraw, defendants, in an email to the Court from their principal, complained that the requested hourly rates were unreasonable and that plaintiffs' fees amounted to more than three times the sum that defense counsel had charged defendants.  See Defendants' Response (Dec. 3, 2020), DE #80.

After Judge Donnelly referred plaintiffs' fee application to the undersigned magistrate judge, see Referral Order, this Court ordered plaintiffs to supplement their fee application with information concerning the background and experience of all individuals listed on their billing sheet.  See Order (Jan. 4, 2021) ("1/4/21 Order").  Plaintiffs' responsive submission provided supplemental information, but also moved to increase the hourly rates for some of the individuals who had worked on the case.  See Motion to Amend (Jan. 7, 2021) ("1/7/21 Pl. Mot."), DE #81.

## DISCUSSION

### I. Timeliness of the Fee Applications

Plaintiffs' initial fee application was filed three weeks after entry of judgment, contrary to Rule 54(d)(2)(B), which provides that a fee application must be filed "no later than 14 days after the entry of judgment[.]"  Fed. R. Civ. P. 54(d)(2)(B)(i).  However, "by its very terms, the fourteen-day deadline of Rule 54 is not a fatal jurisdictional deadline."  Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 227 (2d Cir. 2004).  A court must determine whether the party's failure to meet this deadline was due to "excusable neglect," see id. at 228, taking into account "'[1] [t]he

---

[1] Contrary to defendants' assumption, the 14-day period starts to run from the entry of judgment, see Fed. R. Civ. P. 54(d)(2)(B)(i), which occurred the day after the issuance of Judge Donnelly's Decision.

danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith[,]'" id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (alterations supplied by court in Tancredi)). "[E]xcusable neglect" is an "elastic concept." Pioneer, 507 U.S. at 392 (internal citations omitted).

Here, the one-week delay in initially moving for fees and costs was modest and caused defendants no prejudice. See, e.g. Zouvelos v. Sur. Fin. of Am., Inc., No. 16-CV-1851 (AMD), 2018 WL 2075300, at *4 (E.D.N.Y. Jan. 29, 2018) (deeming a 17-day delay "modest" where the opposing party suffered no prejudice), adopted, 2018 WL 1283684 (E.D.N.Y. Mar. 13, 2018) (Donnelly, J.); Jin v. Shanghai Original, Inc., No. 16-cv-5633 (ARR) (JO), 2020 WL 4783399, at *4 (E.D.N.Y. Aug. 18, 2020) (excusing a 46-day delay, despite "flimsy" justification, given lack of prejudice to the opposing party). Though plaintiffs' stated reason for their delayed application − i.e., that counsel was awaiting invoices from a transcription service and an interpretation service, see Reply to Motion (Nov. 13, 2020), DE #77 − is not particularly compelling, it is no less "flimsy" than the reason provided by the Jin plaintiff, whose counsel was simply focused on other legal tasks, see 2020 WL 4783399, at *3-4. Further, there is no suggestion that plaintiffs acted in bad faith. Therefore, this Court concludes that the one-week delay in filing plaintiffs' initial fee application was the result of excusable neglect.

Plaintiffs' motion to amend its fee application to increase their requested hourly rates stands on an entirely different footing: plaintiffs waited approximately 100 days to seek to amend their fee application, see 1/7/21 Mot., a significantly longer delay than the one-week delay in initially moving for fees. More importantly, the purported justification for filing the amended

4

request months later − i.e., that the "firm chang[ed] billing software at the beginning of 2019[,]" id., or two years earlier − fails to explain why plaintiffs' counsel did not raise the issue in their October 21, 2020 motion. As plaintiffs have provided no "sufficient reason" for the delay, the Court need not, and should not, excuse it. See Tancredi, 378 F.3d at 228 ("Absent a sufficient reason for its delay, the fact that the delay and prejudice were minimal would not excuse [the movant's] mere inadvertence."); see also Sorenson v. Wolfson, 683 F.App'x 33, 36 (2d Cir. 2017) (where the party "did not offer any reason" for the delay in submitting a request for attorneys' fees, the district court properly denied the application).

## II. Reasonableness of the Fee Request

Under the NYLL, prevailing plaintiffs are entitled to an award of "reasonable" attorneys' fees and costs, see N.Y. Lab. Law § 663(1); see also Cao v. Miyama, Inc., No. 15-CV-0266 (JS)(ARL), 2020 WL 4808624, at *1 (E.D.N.Y. Aug. 18, 2020). Though plaintiffs' FLSA claims were unsuccessful, they prevailed on their NYLL claims, see, e.g. Decision at 9, 25, and thus are entitled to reasonable attorneys' fees for their NYLL claims, notwithstanding the dismissal of their FLSA claims.

In considering an application for attorneys' fees and costs, the Court must determine the presumptively reasonable fee. See Ham v. Sushi Maru Express Corp., 736 F. App'x 19, 20 (2d Cir. 2018); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008). This presumptively reasonable fee – or lodestar[2] – is essentially "what a reasonable, paying client would be willing to pay given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. N.Y.C. Transit Auth., 575

---

[2] The lodestar is the product of the hours worked and an hourly rate. See Arbor Hill, 522 F.3d at 183 ("the fee – historically known as the 'lodestar'−to which [ ] attorneys are presumptively entitled is the product of hours worked and an hourly rate.").

F.3d 170, 174 (2d Cir. 2009) (internal quotations omitted) (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110,118 (2d Cir. 2007)).

Courts can and should exercise broad discretion in determining a reasonable fee award. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("The court necessarily has discretion in making this equitable judgment."); Arbor Hill, 522 F.3d at 190 (referencing the court's "considerable discretion"). The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the questions, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. See Arbor Hill, 522 F.3d at 186 n.3, 191. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." See Simmons, 575 F.3d at 174-75 (recounting history of the forum rule); see also Arbor Hill, 522 F.3d at 191 ("We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.").

Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. See id. at 190. The Court must review counsel's time records and the hours an attorney billed in order to determine the reasonableness of such and, in doing so, should examine the value of the work product and "'exclude excessive, redundant or otherwise unnecessary hours.'" Concrete Flotation Sys., Inc. v. Tadco Constr. Corp., No. 07-CV-319 (ARR)(VVP), 2010 WL 2539771, at *5 (E.D.N.Y. Mar. 15, 2010) (quoting Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 2009)), adopted, 2010 WL 2539661 (E.D.N.Y. June 17, 2010); see Hensley, 461 U.S. at 434;

Ham, 736 F. App'x at 20. "[A] fee award should be based on scrutiny of the unique circumstances of each case . . . ." McDaniel v. Cty. of Schenectady, 595 F.3d 411, 426 (2d Cir. 2010) (citations and quotations omitted).

### A.     Reasonable Hourly Rate

Plaintiffs request an hourly rate of $350 for Jian Hang, see Zhu Decl. ¶ 4; $300 for Ge Qu, Jiajing Fan, see id. ¶¶ 5, 6, Keli Liu, Zindzi Baugh Corbett, and Shan Zhu, see 1/7/21 Pl. Mot. at 1; Bill at 1, 4; $250 for Zhujing Wu, see 1/7/21 Pl. Mot. at 1; Bill at 5; $225 for Xiaoxi Liu, see Bill at 1; but see 1/7/21 Pl. Mot. at 1 (requesting $300); $200 for Anqi Yu, see Bill at 4; and $150 for Ge Yan, see Bill at 4. [3]

Because expertise is a critical factor in evaluating the reasonableness of a billing rate, see Arbor Hill, 522 F.3d at 184, a number of judges in this District have slashed fee awards involving the Hang law firm, on account of recurring deficiencies such as missing background information on each individual who worked on the case.[4] Despite these judicial rebukes, plaintiffs' counsel's initial fee application provided *no* information about seven of the ten individuals who worked on this case. See Bill; Pl. Mem; Zhu Decl.[5] In response to the Court's request for additional information about the personnel who worked on this case, see 1/4/21

---

[3] The Bill reflects inconsistent rates for some of the same individuals. See generally Bill.

[4] See, e.g., Chan v. Xifu Food, Inc., 18 CV 5445 (ARR) (RML), 2020 WL 5027861, at *11 (E.D.N.Y. Aug. 5, 2020) (reducing hourly rates of individuals for whom no information was provided on a Hang fee application); Cui v. Monroe Nail II Corp., No. 18-CV-4256 (RLM), 2019 WL 1643539, at *1-2 (E.D.N.Y. Apr. 16, 2019) (declining to modify prior ruling rejecting proposed fee in a FLSA case where Hang failed to provide information about professionals who worked on the case); Li v. Chang Lung Grp. Inc., 16-CV-6722 (PK), 2020 WL 1694356, at *15 (E.D.N.Y. Apr. 7, 2020) (reducing hourly rate for attorney for whom no background information was provided); Fan v. Jenny & Richard's Inc., No. 17-CV-6963 (WFK), 2019 WL 1549033, at *14 (E.D.N.Y. Feb. 22, 2019) (same), adopted, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019).

[5] As discussed *supra* pp. 4-5, the Court declines to consider plaintiffs' second belated fee application. In any event, to the extent that that submission increases the rates requested for some associates who worked on the matter (i.e., $300 for all junior associates, see 1/7/21 Pl. Mot. at 1), the requested rates exceed those regularly awarded in this District and are unreasonable given the circumstances of this case, see *infra* pp. 9-10.

Order, plaintiffs' counsel cured only some omissions, see 1/7/21 Pl. Mot.[6] The failure to include information in the initial motion papers about the reputation, ability, and experience of many of the individuals for whom plaintiffs' counsel requested fees speaks to the quality of plaintiffs' submissions, an important factor in determining appropriate fees. See Piedra v. Ecua Rest., Inc., 17 CV 3316 (PKC) (CLP), 2018 WL 1136039, at *19 (E.D.N.Y. Jan. 31, 2018) (noting the "middling quality" of the Hang firm's submissions), adopted, 2018 WL 1135652 (E.D.N.Y. Feb. 28, 2018); see also Arbor Hill, 522 F.3d at 184.

"Reasonable hourly rates for wage and hours cases in this District have generally been set at approximately $300.00 to $400.00 for partners and $100.00 to $300.00 for associates." Xu v. JNP Bus Serv. Inc., No. 16-CV-245 (AMD) (ST), 2018 WL 1525799, at *10 (E.D.N.Y. Feb. 26, 2018) (collecting cases), adopted in part, rejected in part on other grounds, 2018 WL 1525662 (E.D.N.Y. Mar. 28, 2018); accord Cao, 2020 WL 4808624, at *2.

Consistent with recent fee awards for Jian Hang's services in similar cases, this Court recommends an hourly rate of $350.00 for Mr. Hang, who is the Hang firm's principal.[7] See, e.g., Xu, 2018 WL 1525799, at *10 (collecting cases); Zhu Decl. ¶ 4.

Plaintiffs request an hourly rate of $300 for *all* junior associates who worked on this case—Ge Qu, Jiajing Fan, Keli Liu, Zindzi Baugh Corbett, Xiaoxi Liu, and Shan Zhu—regardless of their years in practice. Among the attorneys in this group, Ge Qu and Keli Liu were the most experienced, having practiced employment law for approximately four or five

---

[6] For example, the supplemental submission fails to specify whether Keli Liu or Xiaoxi Liu have been admitted to practice law in New York, and if so, when, nor does it reflect whether Ge Yan has passed *any* bar exam in the U.S.

[7] Mr. Hang's billing entry on September 7, 2018 lists his hourly rate as $300. See Bill at 1. As subsequent entries list Mr. Hang's rate as $350, see Bill at 2, and plaintiffs' counsel requested an hourly of $350 for Mr. Hang in other submissions, see, e.g., Zhu Decl. ¶ 4; Pl. Mem. at 4, the Court presumes that plaintiffs' counsel intended to request $350 per hour for Mr. Hang.

8

years, see Zhu Decl. ¶ 5; 1/7/21 Pl. Mot. at 2, whereas Jiajing Fan, Zindzi Baugh Corbett, and Shan Zhu had practiced employment law for approximately two years or less, see 1/7/21 Pl. Mot. at 2; Zhu Decl. ¶¶ 3, 6. Despite their inexperience, plaintiffs request an hourly rate that is higher than those typically awarded in FLSA cases in this District for junior attorneys.[8] See, e.g., Piedra, 2018 WL 1136039, at *18 (hourly rates of $100 to $200 for junior associates have been endorsed as reasonable); Thompson v. Park, No. 18-CV-0006 (AMD) (ST), 2020 WL 5822455, at *12 (E.D.N.Y. Sept. 1, 2020) (reducing to $200 the hourly rate of an associate who had been with the firm for five years) adopted, 2020 WL 5820547 (E.D.N.Y. Sept. 30, 2020); Tejada v. La Selecta Bakery, Inc., No. 17-CV-5882 (ERK) (RER), 2020 WL 7249393, at *5 (E.D.N.Y. Sept. 23, 2020) (recommending an hourly rate of $200 per hour for a junior associate in a FLSA case), adopted, 2020 WL 6937882 (E.D.N.Y. Nov. 25, 2020); Miranda v. Astoria Provisions, LLC, No. 19-CV-02923 (EK) (PK), 2020 WL 6370058, at *10 (E.D.N.Y. July 24, 2020) (recommending reduced hourly rate of $200 for a sixth-year associate in a "straightforward" FLSA default case), adopted, 2020 WL 5810160 (E.D.N.Y. Sept. 30, 2020). Further, a reduction in hourly rate is warranted for several attorneys because the time records reflect that some tasks were overstaffed (e.g., sending two associates to a two-day bench trial instead of one attorney and one paralegal), while attorneys spent time on administrative tasks (e.g., printing and binding courtesy copies) that could have been handled by paralegals, see Ham, 736 F.App'x at 20 (affirming ruling reducing fee amount that included counsels' performance of "non-professional secretarial

---

[8] Ignoring the forum rule, plaintiffs' initial motion papers rely largely on fee award decisions from the Southern District of New York. See Pl. Mem. at 6-7, 8. Plaintiff's supplemental motion cites this Court's minute entry in Mendoza v. S & F Supplies, Inc. et al., 19-cv-01538 (E.D.N.Y. Feb. 28, 2020), as having approved a $300 hourly rate for Zindzi Baugh Corbett. See 1/7/21 Pl. Mot. at 2. But, the Court's ruling in Mendoza involved a review of the parties' FLSA settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and approved a one-third contingency fee (not counsel's hourly rates), consistent with the Hang firm's retainer agreement with the plaintiff. See Settlement Agreement, Mendoza v. S & F Supplies, Inc. et al., 19-cv-01538 (Oct. 28, 2020), DE #26.

work"); Ortiz v. Red Hook Deli & Grocery 2015 Corp., No. 17-CV-7095 (RRM), 2019 WL 4739047, at *13 (E.D.N.Y. June 12, 2019) (reducing hourly rate of partner who performed tasks that could have been handled by associates or paralegals) (citation omitted), adopted, 2019 WL 4741626 (E.D.N.Y. Sept. 26, 2019).

To account for some of the aforesaid problems with the billing, and commensurate with the experience of the individuals who worked on this case and with rates in this District, the Court recommends a fee award based on the following hourly rates: $250 for Ge Qu and Keli Liu, and $200 for Jiajing Fan, Zindzi Baugh Corbett, Xiaoxi Liu, and Shan Zhu.[9]

Plaintiffs' counsel also seeks approval for the firm's law graduates and clerks, Zhujing Wu, Ge Yan, and Anqi Yu, to be paid at hourly rates ranging from $150 to $250 per hour. The Court recommends a rate of $100 per hour for each of these individuals, as the prevailing rate for law school graduates who have not yet been admitted to the bar ranges between $75 and $100 per hour in this District. See Perez v. Pino Grocery Corp., No. 17-CV-2965 (RRM), 2018 WL 4138935, at *9 (E.D.N.Y. Apr. 16, 2018) (collecting cases), adopted, 2018 WL 4119236 (E.D.N.Y. Aug. 29, 2018); Fan, 2019 WL 1549033, at *14 (recommending an hourly rate of $100 for Hang firm associates for whom no information was provided to the court); Chan, 2020 WL 5027861, at *11 (recommending an hourly rate of $90 for Hang employee Zindzi Baugh Corbett, who had not yet been admitted to the bar).

### B.     Reasonable Number of Hours

Defendants contend that plaintiffs' counsels' attorneys' fees should be reduced because they billed for "time spent on an arbitration they lost" and contained "duplicate" and "vague"

---

[9] Plaintiffs' counsel failed to submit information about Xiaoxi Liu's legal education or her date of admission to the bar. On September 13, 2018, the Clerk of the Court confirmed that Xiaoxi Liu was admitted and in good standing in this District.

billing entries. See Def. Opp. At trial, plaintiffs largely achieved the relief they requested in the Complaint (and, presumably, at the arbitration), and the Court therefore concludes that the time spent on arbitration is reasonable and compensable.

Though plaintiffs did not prevail at the arbitration, they prevailed in this litigation. The Court notes that attorneys' fees may be awarded for unsuccessful claims as well as successful ones, where they are "inextricably intertwined" and "involve a common core of facts or are based on related legal theories." See, e.g., Quaratino, 166 F.3d at 425 (quoting Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir.1996)); Jin, 2020 WL 4783399, at *7; see also Hensley, 461 U.S. at 435. At arbitration, plaintiffs' counsel honed the claims upon which they ultimately prevailed at the trial. See Decision. Therefore, because the Court cannot disentangle the claims and legal theories at issue during the arbitration from those successfully litigated at the trial, it declines to recommend that the attorneys' fees be reduced on that account.

Nor should plaintiffs' counsels' attorneys' fees be discounted due to the District Court's dismissal of the FLSA claims. The NYLL and the FLSA are analogous statutes, though the NYLL does not require that plaintiffs show a nexus to interstate commerce or that the employer meets the FLSA definition of an "enterprise." See Ethelberth v. Choice Sec. Co., 91 F.Supp.3d 339, 359 (E.D.N.Y. 2015) (citing Santillan v. Henao, 822 F.Supp.2d 284, 292 (E.D.N.Y. 2011)). These statutes mirror each other closely enough that courts in the Second Circuit generally apply the same analysis to plaintiffs' FLSA claims as to their NYLL claims. See Ethelberth, 91 F.Supp.3d at 360. In this case, Judge Donnelly determined that defendants did not qualify as an enterprise under FLSA, see Decision at 10, but found that defendants violated wage-and-hour provisions of the NYLL that mirror those of the FLSA, see generally Decision. The NYLL claims upon which plaintiffs succeeded share a common core of facts with the FLSA claims.

Despite losing the arbitration and failing on their FLSA claims, plaintiffs largely succeeded in achieving the requested relief. See Compl., *ad damnum* clause, at pp. 14-15 (requesting a judgment for unpaid wages; liquidated damages; statutory damages; and interest); Decision at 25 (entering a judgment for unpaid wages; statutory damages; liquidated damages; and interest). Had plaintiffs prevailed on the FLSA claims, they would have obtained no greater relief than they were awarded for the NYLL violations, as courts may not award duplicative awards for NYLL and FLSA claims. Cf. Perdue v. City Univ. of N.Y., 13 F.Supp.2d 326, 346-47 (E.D.N.Y. 1998) (declining to deduct a percentage of attorneys' fees on the basis of "limited success on the merits" where plaintiff was awarded over $350,000 in damages, though she did not prevail on all claims).

Counsel claim that they spent 165.4 hours litigating this matter. Given the posture of this case, the overall time spent is not unreasonable, particularly with the recommended reduction of most of the attorneys' rates.[10] Therefore, the Court recommends that plaintiffs be awarded $34,290 in fees, as reflected in the following chart:

---

[10] Although the Court agrees with defendants that some of the billing entries are duplicative and that, at times, plaintiffs' counsel failed to appropriately delegate tasks, the Court has taken these matters into account in recommending reduced hourly rates. As previously noted, the Court declines to consider the additional sums requested for the first time in plaintiffs' belatedly filed January 7th submission.

| Individual | Requested Rate | Recommended Rate | Hours | Requested Fees | Recommended Fees |
|---|---|---|---|---|---|
| Jian Hang | $350 | $350 | 4.2 | $1,470.00 | $1,470.00 |
| Ge Qu | $300/$325[11] | $250 | 40.3 | $12,232.50 | $10,075.00 |
| Keli Liu | $300 | $250 | 18.1 | $5,430.00 | $4,525.00 |
| Jiajing Fan | $300 | $200 | 17.8 | $5,340.00 | $3,560.00 |
| Zindzi Baugh Corbett | $300 | $200 | 7.7 | $2,310.00 | $1,540.00 |
| Shan Zhu | $300 | $200 | 53.9 | $16,170.00 | $10,780.00 |
| Zhujing Wu | $250 | $100 | 2.1 | $525.00 | $210.00 |
| Xiaoxi Liu | $300/$225[12] | $100 | 16.3 | $4,717.50 | $1,630.00 |
| Anqi Yu | $200 | $100 | 2.1 | $420.00 | $210.00 |
| Ge Yan | $150 | $100 | 2.9 | $435.00 | $290.00 |
| **Total** | | | **165.4** | **$48,960.00** | **$34,290.00** |

## III. Costs

Plaintiffs further request an award of $3,372.44 for costs incurred, comprising filing fees, an arbitration fee, interpreters' fees, processing trial transcripts, printing fees, and effecting service of process. See Bill at 6; see also Zhu Decl. ¶ 8; Pl. Mem. at 9. As a general matter, a prevailing plaintiff in an action under the NYLL is entitled to recover costs from the defendant, see N.Y. Lab. Law § 663(1), as long as those costs are tied to "identifiable, out-of-pocket disbursements," see Fan, 2019 WL 1549033, at *15 (citation omitted); see also Cao, 2020 WL 4808624, at *3 (awarding costs after trial, including fees for filing, service of process, transcripts, and interpretation). Since the costs incurred here are documented and routinely recoverable, and defendants do not dispute plaintiffs' entitlement to them, the Court recommends awarding plaintiffs costs in the amount requested of $3,372.44.

---

[11] The Bill reflects an hourly rate of $325 for Ge Qu on February 6, 2019, but $300 on all prior and subsequent dates. See Bill. Plaintiffs' supporting memorandum seeks $300. See Pl. Mem. at 4.

[12] The Bill reflects an hourly rate of $225 for Xiaoxi Liu on September 12, 2018 and October 16, 2018, and $300 per hour for all other entries, including one on September 10, 2018, see Bill. The supporting memorandum seeks $300. See Pl. Mem. at 4.

## CONCLUSION

For the reasons explained above, the Court respectfully recommends that the District Court grant in part plaintiffs' fee application and award plaintiffs $34,290.00 in attorneys' fees and $3,372.44 in costs.

Any objections to the recommendations contained herein must be filed with Judge Donnelly by February 26, 2021. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*).

The Clerk of the Court is respectfully requested to docket this opinion into the ECF court file and to send copies, via Federal Express, to each defendant at the addresses below:

Ka Shek Tam
5 Netcong Place
East Northport, NY 11731

 **SO ORDERED.**

**Dated:** **Brooklyn, New York**
   **February 9, 2021**

     /s/ *Roanne L. Mann*
     **ROANNE L. MANN**
     **UNITED STATES MAGISTRATE JUDGE**